United States District Court
Southern District of Texas
ENTERED

OCT 0 3 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PENINSULA ISLAND RESORT & SPA, LLC. | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-08-372 |
| SYSTEMS PRODUCTS INTERNATIONAL, INC. | § § § § | |
| Defendants. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on October 2, 2008, the Court considered Plaintiff Peninsula Island Resort & Spa, LLC's Motion to Remand and for Award of Attorneys' Fees and Expenses, Dkt. No. 6, and Defendant Systems Products International, Inc.'s Response to Motion to Remand. Dkt. No. 7. The Court also considered Defendant's Motion to Dismiss or, in the Alternative, to Transfer and Memorandum in Support. Dkt. No. 4. For the following reasons, Plaintiff's Motion to Remand is **DENIED** and the Defendant's Motion to Dismiss is **GRANTED**.

I.  **Background**

Plaintiff Peninsula Island Resort & Spa, LLC, a Texas limited liability company, filed the current case in the 197th Judicial District Court, Cameron County, Texas, on May 21, 2008, seeking damages against Defendant Systems Products International, Inc., a Florida corporation, for breach of contract and violation of the Deceptive Trade Practices Act. Dkt. No. 1, Ex. A-3. Plaintiff alleges that Defendant provided a software package to assist in the operation of its timeshare and hotel business. However, Plaintiff alleges that the program failed to operate as Defendant had promised, and Defendant failed to fulfill its obligation to maintain the program. As a result, Plaintiff

seeks damages under subsection 17.46(b) of the Texas Business and Commerce Code for Defendant's engagement in false, misleading, and deceptive acts and practices, and under section 17.50 of the Texas Business and Commerce Code for breach of contract and breach of express and implied warranties.

On July 14, 2008, Defendant filed a Notice of Removal of the action to this Court on the basis of diversity jurisdiction and an amount in controversy in excess of $75,000.00, pursuant to 28 U.S.C. §§ 1332 and 1441. Dkt. No. 1. Plaintiff asserts that this court lacks jurisdiction because the amount in controversy is less than the statutory requirement. Dkt. No. 6. Defendant responds that it is clear on the face of the original petition that the amount in controversy exceeds $75,000.00. Dkt. No. 7. Defendant filed a Motion to Dismiss this case on July 15, 2008, to which Plaintiff did not file a response. Dkt. No. 4. Defendant asserts that the parties agreed in their contractual forum selection clause that venue for all disputes would be Miami-Dade County, Florida. Plaintiff filed a Motion to Remand on August 13, 2008, Dkt. No. 6, to which Defendant timely responded. Dkt. No. 7.

Plaintiff's Original Petition asserts that the parties entered into three contracts ("Agreement[s] for Purchase and Sale of Software License and Services") together which form the basis of this suit: (1) a reservation program system, for $25,000.00 plus monthly software support costs of $540.00; (2) a timeshare loan receivable system for $25,000.00 plus monthly software support costs of $500.00; and (3) a timeshare sale tracking system for $30,000.00. Dkt No. 1, Ex. A-3, at 3. Plaintiff maintains that the three programs did not function properly, if at all. *Id.* Plaintiff asserts that the programs have never reliably interacted properly together, as Defendant had claimed. *Id.* at 4. Plaintiff claims that the Defendant misrepresented the quality of its software and support services, and that the failure to provide operable software resulted in consequential damages of lost reservations, overbooking, cancellations, and irate customers. *Id.* Additionally, Plaintiff asserts that Defendant charged $4,000.00 to input data into the sale tracking system which was performed incorrectly. In its complaint, Plaintiff states that:

> Plaintiff has suffered damages which exceed the minimal jurisdictional
> limits of this [state] court. Plaintiff paid Defendant Eighty Five Thousand

> Dollars ($85,000.00) for the initial acquisition of the software programs and paid Defendant an additional amount of Forty One Thousand Six Hundred Thirty Eight Dollars ($41,638.00) in the form of monthly support and extraneous charged by Defendant. Plaintiff calculates its damages as being in the amount of at least Seventy Thousand Dollars ($70,000.00).

*Id.* at 5. Plaintiff also seeks to recover its reasonable attorney's fees. *Id.*

In addition to affidavits from Karl Lange, president of System Products International, Inc., Defendant submits copies of the three contracts which form the basis of Plaintiff's petition. Dkt. No. 4, Ex. A-1. Specifically, each contract includes a forum selection clause at Paragraph 32, which states: "Governing Law: This Agreement is governed by the laws of the State of Florida and venue shall be Miami-Dade County, Florida." *Id.* at 6.

Because both the Plaintiff's Motion for Remand and for Award of Attoneys' Fees and Expenses and the Defendant's Motion to Dismiss or, In the Alternative, to Transfer and Memorandum in Support seek to divest this Court of the instant case, the two motions are considered together.

## II. Standard

### 1. Amount in Controversy

Federal courts are courts of limited jurisdiction. A party asserting federal jurisdiction must satisfy the burden of establishing that such jurisdiction exists. *St. Paul Reinsurance Co., v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). In actions removed to federal courts from state courts, federal jurisdiction exists when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1441(a); *Id.* at § 1332(a)(1). Mere allegations of jurisdictional facts are insufficient to satisfy the burden of establishing federal jurisdiction. *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citing Asociacion Nacional de Pescadores A Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A., 988 F.2d 559, 566 (5th Cir. 1993)).

The determination of the amount in controversy is controlled by the plaintiff's good faith claim of damages. Heinhuis v. Wilkes, 2002 U.S. Dist. LEXIS 13455, *4 (E.D. La. 2002) (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citing St. Paul Mercury Indem. Co., v. Red Cab Co., 303 U.S. 283, 288 (1938))). The facts giving rise to federal jurisdiction must be judged at the time the original petition was filed. *St. Paul Reinsurance Co.*, 134 F.3d at 1253–1254 (citing *St. Paul Mercury Indem. Co.* 303 U.S. at 292); *Heinhuis*, 2002 U.S. Dist. LEXIS 13455 at *5. However, under Texas law, a party may not claim a specific amount of damages in its pleadings. TEX. R. CIV. P. 47(b).[1] When no specific amount of damages is pled, the party asserting federal jurisdiction must demonstrate that the requisite amount in controversy exists by a preponderance of the evidence. *Heinhuis*, 2002 U.S. Dist. LEXIS 13455 at *5 (citing *St. Paul Reinsurance Co.*, 134 F.3d at 1253 (citing Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995))). This determination is a two-step process. *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *see also* Meade v. Orleans E. Apartments, 2004 U.S. Dist. LEXIS 22327, *4 (E.D. La. 2004); *Heinhuis*, 2002 U.S. Dist. LEXIS 13455 at *5. First, the plaintiff's complaint is examined to determine whether it is "facially apparent" from the complaint that the amount in controversy is "likely above" the jurisdictional minimum. *St. Paul Reinsurance Co.*, 134 F.3d at 1253; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995). Second, if the amount is not apparent, then a district court may consider "summary judgment-type" evidence to discern the amount in controversy. *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *see also Meade*, 2004 U.S. Dist. Lexis 22327 at *4; *Heinhuis*, 2002 U.S. Dist. LEXIS 13455 at *5.

2. Forum Selection Clauses

In cases in which federal jurisdiction is based on diversity of citizenship, federal law governs the determination whether a forum selection clause is enforceable. Haynsworth v. The Corporation, 121 F.3d 956, 962 (5th Cir. 1997) (citing Int'l Software Sys. v. Amplicon, 77 F.3d 112, 114 (5th Cir. 1996)). The Supreme Court set forth an

---

[1] A pleading that sets forth a claim for unliquidated damages may only contain "the statement that the damages sought are within the jurisdictional limits of the court." TEX. R. CIV. P. 47(b).

analytical framework for making such a determination in *The Bremen* v. *Zapata Off-Shore Co*, 407 U.S. 1, 10 (1972). Although *The Bremen* involved an admiralty dispute, its reasoning has been applied to forum selection clause analyses outside of the admiralty context. *Haynsworth*, 121 F.3d at 962 (citing *e.g.* Seattle-First Nat'l Bank v. Manges, 900 F.2d 795, 799 (5th Cir. 1990); In re Fireman's Fund Ins. Cos., 588 F.2d 93, 95 (5th Cir. 1979)).

    A forum selection clause that is contained in a written contract "is prima facie valid and enforceable unless the opposing party shows that enforcement would be unreasonable." Kevlin Servs., Inc. v. Lexington State Bank, 46 F.3d 13, 15 (5th Cir. 1995) (citing *The Bremen*, 407 U.S. at 10). *See also* Hartash Const., Inc. v. Drury Inns, Inc., 252 F.3d 436, 2001 WL 361109, at *1 (5th Cir. Mar. 23, 2001) (per curiam). Unreasonableness may exist if any one of the following conditions is present: (1) the inclusion of the forum selection clause into the written contract was the product of fraud or overreaching; (2) the party opposing enforcement of the clause "will for all practical purposes be deprived of his day in court" because of the extreme inconvenience or unfairness of the forum specified in the clause; (3) the law specified in the clause is fundamentally unfair and will cause plaintiff to be deprived of a remedy; or (4) enforcement of the clause would go against a strong public policy of the forum state. *Haynsworth*, 121 F.3d at 963 (citing Carnival Cruise Lines v. Shute, 499 U.S. 585, 595 (1991); *The Bremen*, 407 U.S. at 12–13); *Hartash Const., Inc.*, 2001 WL 361109, at *1. The party opposed to the enforcement of the clause and attempting to establish one of these grounds bears a "heavy burden of proof." *Haynsworth*, 121 F.3d at 963 (citing *The Bremen*, 407 U.S. at 17). A valid and enforceable forum selection clause specifying a forum different than the one in which a suit is currently pending requires dismissal of the current action. *See Haynsworth*, 121 F.3d at 958, 970; *Kevlin Servs., Inc.*, 46 F.3d at 14–15; Strata Heights Int'l Corp. v. Petrolero Brasileiro, S.A., 67 Fed.Appx. 247 (5th Cir. Apr. 28, 2003); *Hartash Const., Inc.*, 2001 WL 361109, at *1, *4.

### III. Analysis

#### 1. Amount in Controversy

In the present action, Plaintiff did not plead a specific amount of damages in its original petition, as it was not allowed to do so under Texas law. Instead, Plaintiff stated that its damages were "at least Seventy Thousand Dollars ($70,000.00)." Dkt. No. 1, Ex. A-3 at 5. Thus, because Plaintiff did not claim a specific amount of damages, the Court must determine whether the amount in controversy is facially apparent from Plaintiff's original petition. Plaintiff's petition acknowledges that the initial cost of the three software programs was $85,000.00 and that it paid a total of $126,638.00 to Defendant. *Id.* However, Plaintiff estimates in its petition that because some of the features of the program operated properly, its "best good faith estimate" of its damages is "at least" $70,000.00. *Id.* Furthermore, Plaintiff also seeks to recover attorney's fees, as allowed under § 17.50. *Id.* at 6.

This Court is satisfied that it is facially apparent that the Plaintiff's original petition seeks more than $75,000.00. Although the petition seems to ask for an amount below the jurisdictional minimum, the Plaintiff states in the petition that it paid a total of $126,638.00 to Defendant. *Id.* at 5. Beyond those fees, Plaintiff also alleges that it suffered consequential damages as a result of the Defendant's failure to provide functional software. *Id.* Although Plaintiff states that its damages are at least $70,000.00, it does not indicate how it arrived at that calculation. This Court concludes that it is likely that the damages that Plaintiff seeks will exceed $75,000.00. Furthermore, it is apparent to this Court that legal fees arising from this case will far exceed $5,000.00, which in addition to Defendant's estimate of damages would surpass the jurisdictional minimum. Therefore, this Court concludes that it is facially apparent that the Plaintiff's Original Petition satisfies the amount in controversy requirement, and that the Defendant has met its burden in proving that this Court has jurisdiction.

Even if it were not facially apparent, in considering "summary judgment-type" evidence this Court concludes that the amount in controversy requirement is met. The Plaintiff's demand letter on the Defendant sought to recover all amounts which had been paid on the contracts and all other damages suffered. Dkt. No. 1, Ex. A-6 at 2. Plaintiff states in its demand letter that the sales tracking and accounts receivable programs have never worked properly and that the reservation program has only

worked at about half capacity. *Id.* at 1.[2] Taken together, and absent other costs and attorney's fees, these fees total $90,800.00, far exceeding the jurisdictional minimum. Therefore, this Court concludes that even were it not facially obvious from the Plaintiff's Original Petition, the amount in controversy requirement would be met through consideration of other evidence.

### 2. Forum Selection Clauses

In the present case, Plaintiff's claims are based upon Defendant's failure to provide fully operable software in accordance with the terms of their contracts. Dkt. No. 1, Ex. A-3 at 4. Defendants have submitted the agreements between the parties. Dkt. No. 4, Ex. A-1. Specifically, the agreements include a forum selection clause at Paragraph 32, which states: "Governing Law: This Agreement is governed by the laws of the State of Florida and venue shall be Miami-Dade County, Florida." *Id.* at 6.

Upon examination of Plaintiff's original petition and Defendant's instant motion to dismiss, the Court determines that Plaintiff's causes of action arise out of the written agreement between the parties. Accordingly, Plaintiff's claims fall under the scope of the agreement's forum selection clause, in which the parties expressly consented to jurisdiction in Miami-Dade County, Florida. Moreover, the Court finds that the agreement's forum selection clause is prima facie valid and enforceable. Plaintiff did not respond to Defendant's motion to dismiss and did not present any arguments or evidence as to why the Court should not enforce the clause. Thus, the Court concludes the forum selection clause should be enforced in the instant matter, and jurisdiction of this dispute lies in the fora specified in the clause.

## IV.   Conclusion

Based on the foregoing, the Court finds that the amount in controversy in the instant action exceeds $75,000.00. Thus, the Court has subject matter jurisdiction over this case. Accordingly, the Court **DENIES** the Plaintiff's Motion to Remand and for

---

[2] Plaintiff paid $30,000 for the tracking system and $25,000 for the accounts receivable system. Dkt No. 1, Ex. A-3, at 3. Furthermore, defendant paid $25,000 for the reservation system, one half of which is $12,500. *Id.* Plaintiff also paid $23,300 in monthly maintenance fees on these programs which have never worked properly. *Id.*

Award of Attorneys' Fees and Expenses. Dkt. No. 6. Furthermore, because the Court finds that the forum selection clause of the contract at issue is valid and enforceable, the Court **GRANTS** Defendants' Motion to Dismiss or, in the Alternative, to Transfer. Dkt. No. 4. The Court **DISMISSES** the instant matter in its entirety and **ORDERS** the Clerk of the Court to close this case.

DONE at Brownsville, Texas, on October 2, 2008.

Hilda G. Tagle
United States District Judge